CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 11, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **TAYLOR KAHLIQ JAMAL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00794 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RED ONION STATE PRISON, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Taylor Kahliq Jamal, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendants violated his rights by using excessive force against him.  Also pending is Jamal's Motion for Leave to Proceed in Forma Pauperis, Dkt. No. 2, and Motion for Preliminary Injunction, Dkt. No. 7. Upon review, I conclude that Jamal will be permitted to proceed in forma pauperis to the extent that he does not pay for service of process and may pay the filing fee via installments from his inmate trust account; however, certain claims must be dismissed, and the preliminary injunctive relief requested must be denied.

I. BACKGROUND.

On February 21, 2025, while housed in Red Onion State Prison, Jamal claims that certain prison officials used excessive force against him.  Specifically, he alleges that defendant Correctional Officer Jeffrey Fox attacked him from behind and

aggressively body-slammed him to the floor.  He further claims that defendant Lt. Skylar Allen struck him multiple times in the face and head, grabbed his hair, and smashed his face into the floor, while verbally insulting him.  Finally, he asserts that defendant Sgt. Dakota Brown stood on his ankles and kicked him.  In documents attached to the Complaint, it appears that this alleged assault by prison officials occurred in response to an inmate-on-inmate altercation, during which Jamal may have used a handmade knife to injure another inmate and staff.

Jamal also lists as defendants, Red Onion State Prison, Regional Operation Chief Gregory Holloway, Warden David Anderson, and Major J. Hall.  Regarding these defendants, Jamal states that they are being sued "in their official and individual capacity as supervisors" and "should be held liable for the officers as principal agents in their respectively managerial positions and duties to ensure the safety of both inmates and staff."  Compl. 4, Dkt. No. 1.

As injunctive relief set forth in the Complaint, as well as in the pending Motion for Preliminary Injunction, Jamal requests to be transferred to a different facility.  Jamal also seeks compensatory and punitive damages.

## II. DISCUSSION.

Pursuant to 28 U.S.C. § 1915A, upon review of a civil action initiated by a prisoner, the court may "identify cognizable claims or dismiss the complaint, or any portion of the complaint" should it be determined that the complaint "is frivolous,

malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While his claims against defendants Fox, Allen, and Brown appear to be facially plausible at this juncture, Jamal's claims against the other defendants named cannot proceed for the reasons that follow.

### A. Red Onion State Prison.

Jamal presents his claims under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). However, Red Onion is not a "person" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (concluding that the State, governmental entities that are considered "arms of the state," and officials acting in their official capacities, are not "persons" subject to suit under § 1983"); *see also McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail."). Therefore, Jamal's claims against Red Onion must be dismissed.

B. Supervisory Officials.

To state a claim under § 1983, a plaintiff must plead facts supporting a reasonable inference that each defendant had "personal involvement" in the alleged constitutional violation. *Iqbal*, 556 U.S. at 676. Furthermore, "vicarious liability is inapplicable to . . . § 1983 suits," therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

A supervisor may only be held liable under § 1983 for a constitutional violation committed by a subordinate official "where the supervisor's 'indifference or tacit authorization' was a 'causative factor in enabling the violation.'" *Bolick v. Anderson*, 169 F.4th 528, 541 (4th Cir. 2026) (quoting *Shaw v. Shroud*, 13 F.3d 791, 798–99 (4th Cir. 1994)). To hold a supervisory official liable for misconduct by a subordinate employee, the plaintiff must state facts showing that: (1) the defendant had actual or constructive knowledge that a subordinate's misconduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff," (2) the defendant's "response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) an "affirmative causal link" existed between the defendant's inaction and the plaintiff's injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014).

Here, defendants Holloway, Anderson, and Hall cannot be held vicariously liable for the actions of subordinate correctional officers without a plausible allegation of their personal involvement, which Jamal has not pled.  Rather, he contends that they should be liable merely because of their managerial roles at the prison.  Jamal has not set forth any facts that would suggest that these officials would have had knowledge that the purported misconduct would pose any risk of injury to Jamal, nor did he set forth facts regarding any prior incidents that would have placed the defendants on notice of such risk.  *See Danser v. Stansberry*, 772 F.3d 340, 350 (4th Cir. 2014) (determining that a supervisor cannot be held liable without evidence that he was aware of issues before an alleged incident).  From a reading of the facts as pled, it appears the event at issue was a one-time occurrence, and "[o]rdinarily, [the plaintiff] cannot satisfy his burden of proof by pointing to a single incident or isolated incidents."  *Shaw*, 13 F.3d at 799 (quoting *Slakan v. Porter*, 737 F.2d 368, 372–73 (4th Cir. 1984)).  Therefore, the named supervisory officials cannot be held liable for failing to prevent harm when they had no foreknowledge of the risk that harm would occur.  Because Jamal has failed to present sufficient facts to support a supervisory liability claim, Holloway, Anderson, and Hall must be dismissed as defendants.

III.  Motion for Preliminary Injunction.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Jamal fails to address the requirements set forth in *Winter*, much less make a "clear showing" that he is entitled to a preliminary injunction.  *Winter*, 555 U.S. at 22.  Instead, Jamal describes the prison environment as "stressful" and complains of conduct by prison officials who have destroyed his legal documents.  Mot. Prelim. Inj., Dkt. No. 7.  However, the court cannot award injunctive relief based on new claims not raised in the Complaint.  *See Rice v. Dotson*, No. 7:25-cv-00234, 2025 WL 2969101, at *2 (W.D. Va. Oct. 20, 2025) ("[A] motion for a preliminary injunction must be related to the underlying complaint; it is not an appropriate vehicle for asserting new claims.") (citing *Omega World Travel, Inc. v. Trans. World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).  Furthermore, although Jamal requests that the court order his transfer to a different facility, inmates have no constitutional right to be housed in any particular prison or jail within the state where they are convicted.  Consequently, the court cannot grant the remedy sought.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (finding no liberty interest in avoiding

interstate prison transfer).  Accordingly, Jamal's Motion for Preliminary Injunction must be denied.

IV. CONCLUSION.

For the reasons stated, it is **ORDERED** as follows:

1. Jamal's claims against defendants Red Onion State Prison, J. Hall, David Anderson, and Gregory Holloway are dismissed without prejudice, and such defendants are terminated as parties;

2. Jamal's Motion for Preliminary Injunction, Dkt. No. 7, is denied;

3. The Clerk shall cause the remaining defendants, Jeffrey Fox, Skylar Allen, and Dakota Brown, to be notified of this action, under Rule 4 of the Federal Rules of Civil Procedure and the Agreement on Acceptance of Service;

4. The court having previously assessed a filing fee in this case, and Jamal thereafter returning an executed Inmate Consent to Withholding form, Jamal is granted leave to proceed in forma pauperis to the extent Jamal does not pay for service of process and may pay the filing fee via installments;

5. The Clerk is directed to forward a copy of Jamal's signed consent to withholding form to the Trust Accounts Officer at Jamal's current place of confinement;

6. The collection of the $350.00 fee shall commence.  The Trust Accounts Officer at Jamal's current place of confinement, and at all subsequent places

of confinement, is hereby authorized to collect the fees as agreed to by Jamal on the signed consent form, and to remit such fees in accordance with 28 U.S.C. § 1915(b).  The Trust Accounts Officer at Jamal's present institution is requested to place the signed consent to withholding form in Jamal's file so that it might accompany the inmate in the event of his transfer.  Should Jamal be transferred to another institution, the balance due for the civil action will be inserted in Jamal's file so that the appropriate officer at the next institution will remit the debt owed to the Clerk, U.S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, Virginia 24011-2208.  The Trust Accounts Officer is requested to reference the case number of this action on payments sent to the court;

7. The parties are advised that briefs, motions, and responses thereto shall be filed in compliance with the Federal Rules of Civil Procedure and the court's Local Rules;

8. Jamal shall notify the court immediately upon his release or transfer and shall provide a new address.  Failure to notify the court of such a change of address in writing will result in the dismissal of this case; and

9. The parties are advised that, pursuant to a Standing Order of Court, all non-dispositive matters in this case will be referred to a United States Magistrate Judge.

ENTER:   June 11, 2026

/s/  JAMES P. JONES
Senior United States District Judge